**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

JEFFREY EDSALL,

                                    **Plaintiff,**                    04-CV-1012A(Sr)

**v.**

**OLIN CORPORATION, et al.,**

                                    **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER[1]

        This matter was referred to the undersigned by the Hon. Richard J.

Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #3.  Currently before the Court is plaintiff's motion

to remand this action to New York State Supreme Court, Niagara County.  Dkt. #4.  For

the following reasons, it is recommended that plaintiff's motion be granted.

## BACKGROUND

        Plaintiff, a resident of Niagara County, commenced this action by

Summons and Complaint filed in New York State Supreme Court, Niagara County, on

October 29, 2004.  Dkt. #1, Exh. A.  Plaintiff alleges that he sustained physical injury on

Olin Corporation's ("defendant's"),[2] premises during the course of his employment with

_____

        [1] Since the Court of Appeals for the Second Circuit has yet to determine whether a motion to remand is a dispositive or nondispositive motion, and the Hon. Richard J. Arcara has previously declined to decide the issue, this Court will avoid uncertainty over the scope of its jurisdiction by addressing the motion to remand by way of Report, Recommendation and Order rather than Decision and Order.  *Cf. Vogel v. United States Office Products Co.*, 258 F.3d 509, 514-517 (6th Cir. 2001) (Agreeing with Courts of Appeals in the Third and Tenth Circuits that motions to remand are dispositive motions), *with In re Pfohl Bros. Landfill Litigation*, 67 F. Supp.2d 177, 179 (W.D.N.Y. 1999) (declining to decide whether motion to remand is dispositive "because it would adopt the Magistrate Judge's decision to remand even under a *de novo* standard.").

        [2] Olin Corporation claims that "Olin Chemicals and Chlor Alkali, Inc.," the other named defendant in this action, merged into Olin Corporation and no longer exists.  Dkt. #1, ¶ 6.

a construction company.  Dkt. #1, Exh. A.  Plaintiff asserts four causes of action: (1)
negligence; (2) violation of § 200 of the New York Labor Law; (3) violation of § 240(1) of
the New York Labor Law; and (4) violation of § 241(6) of the New York Labor Law.  Dkt.
#1, Exh. A.  Plaintiff seek damages "in an amount that exceeds the jurisdictional limits
of all lower courts." Dkt. #1, Exh. A.

Plaintiff personally served the Secretary of State on November 12, 2004.
Dkt. #4, Exh. B.  The Secretary of State served Olin Corporation at its designated
address in care of CT Corporation System by certified mail, return receipt requested,
which indicated delivery on November 19, 2004.  Dkt. #12, Exh. E.  CT Corporation
System forwarded a Service of Process Transmittal Form dated November 23, 2004 to
Olin Corporation indicating that it had been served by "certified mail on 11/22/2004 with
Postmarked Date 11/16/2004."  Dkt. #10, Exh. A.  Olin Corporation received the Service
of Process Transmittal Form from CT Corporation on November 29, 2004.  Dkt. #10,
¶ 5.

Olin Corporation removed the action to this Court by Notice of Removal
filed December 21, 2004, claiming diversity jurisdiction.  Dkt. #1.  In support of removal,
Olin Corporation states that it was incorporated under the laws of the Commonwealth of
Virginia and maintains its principal place of business in the State of Virginia and
"reasonably believes that the amount in controversy exceeds the sum of $75,000,
exclusive of interest and costs."  Dkt. #1, ¶ 1.

Plaintiff moved to remand the action to Niagara County Supreme Court
"because defendants [sic] time to remove the action . . . had expired."  Dkt. #4, ¶ 2.
Specifically, plaintiff argued that

> service of the summons and complaint upon the Secretary
> of State was made and completed on November 12, 2004,
> thereby triggering the defendant's thirty-day period for

> removal.  Service was complete on November 12, 2004 and
> the defendant's removal period expired before December
> 21, 2004.

Dkt. #4, ¶ 13.


Olin Corporation opposed the motion on the ground that the earliest it could be deemed to have been served was November 22, 2004, the date CT Corporation received the summons and complaint.  Dkt. #10, ¶ 5.


Plaintiff received a copy of the receipt for certified mail with respect to service upon the defendant by the New York State Department of State on February 10, 2005.  Dkt. #12, Exh. D.   In his reply affidavit filed February 11, 2005, plaintiff argued that

> Because Olin received the Summons and Complaint on
> November 19, 2004, the Notice of Removal filed with the
> Court on December 21, 2004, was outside thirty days as
> required by 28 USC § 1446(b).

Dkt. #12, ¶ 9.


At oral argument, defendant claimed that plaintiff waived the right to assert the actual date of service by failing to raise that fact within thirty days of defendant's notice of removal.  Alternatively, defendant argued that the thirty-day period had not yet begun to run because plaintiff's complaint did not contain an *ad damnum* clause which would enable the Court to assess whether the amount in controversy satisfied the jurisdictional requirement.  The parties were each permitted to file a supplemental memorandum of law addressing these arguments.  Defendant's memorandum of law claims that because 28 U.S.C. § 1447(c) requires any challenge to a claimed defect in the removal procedure be filed within thirty days after the notice of removal has been filed and

> Because plaintiff's argument regarding service of process on
> CT Corporation on November 19, 2004 was not raised until
> February 11, 2004 – more than 30 days after Olin filed its
> notice of removal on December 21, 2004 – plaintiff has
> waived the argument.

Dkt. #15, p.2.   Alternatively, defendant argued that

> if the Court remands this case, the Court should hold that
> the 30-day period for removal has not yet beg[u]n to run.
> The Complaint in this matter contains no specific *ad
> damnum* clause or other allegation from which the amount in
> controversy can be gleaned.

Dkt. #15, p.5.


## DISCUSSION AND ANALYSIS

**Waiver**

28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the

basis of any defect other than lack of subject matter jurisdiction must be made within 30

days after the filing of the notice of removal under section 1446(a)."  The Court of

Appeals for the Ninth Circuit has read this statute to require

> a defect in removal procedure be raised in the district court
> within 30 days after the filing of the notice of removal. In
> other words, the critical date is not when a motion to remand
> is filed, but when the moving party asserts a procedural
> defect as a basis for remand.

*Northern California District Council of Laborers v. Pittsburg-DesMoines Steel Co.*, 69

F.3d 1034, 1038 (9th Cir. 1995).  In that case, the original basis for the motion to

remand, which was filed within the 30 day period, "was based solely on the argument

that the forum selection clause [in the underlying collective bargaining agreement]

required remand."  *Id.* at 1037.  It was not until more than thirty days after the motion to

remand was filed that plaintiff asserted in its reply brief that defendant's failure to join a

co-defendant in the removal petition rendered the petition procedurally defective.  *Id.*

Upon consideration of this decision, the District Court for the Southern District of New

York determined that "all potential bases for remand are not 'preserved' merely by timely moving for remand on one ground." *Concorde Financial Corp. v. Value Line, Inc.*, 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11, 2004).  In that case, remand was initially sought based on lack of subject matter jurisdiction for failure to satisfy the amount in controversy requirement; the argument that the contract at issue contained a waiver of the right to removal was asserted 52 days after removal.  *Id.*

In the instant case, plaintiff moved to remand the case within 30 days after the filing of the notice of removal on the ground that "defendants time to remove the action . . . had expired."  Dkt. #4, ¶ 2.   While the facts upon which plaintiff originally based that argument were limited to the date of service of the summons and complaint upon the Secretary of State, the discovery of the certified mail receipt establishing service upon Olin on November 19, 2004 constitutes further factual support for the argument that the motion to remove was untimely.  Thus, the plaintiff in the instant case did not raise a new argument, but simply supplemented the facts supporting his original argument.  The procedural defect in the removal procedure, *to wit*, untimeliness of the removal, was asserted within 30 days of the notice of removal.  Accordingly, it is this Court's opinion that plaintiff's argument that defendant's removal of this action was untimely is properly before this Court.

**Timeliness of Removal**

<u>Service Upon Secretary of State</u>

In *Medina v. Wal-Mart Stores, Inc.*, Judge Curtin was presented with the same argument currently before this Court, *to wit*, that because section 306(b) of the Business Corporation Law of the State of New York provides that service of process is complete when the Secretary of State has been served, the thirty-day period for removal to federal court should start to run on the date of service upon the Secretary of

State.  945 F. Supp. 519, 520 (W.D.N.Y. 1996).  Emphasizing that 28 U.S.C. § 1446(b)[3] provides that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt by the defendant*, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," the Court determined that "the thirty-day period does not begin to run until the defendant actually receives a copy of the pleadings." *Id.*  Judge Curtin concluded that "[t]his is the most equitable result, since the defendant's right to a federal forum should not depend upon the rapidity and accuracy with which the statutory agent informs its principal of the commencement of litigation against it." *Id.* at 521.  In reliance upon Judge Curtin's analysis, this Court concludes that service upon the Secretary of State does not start the thirty-day removal period set forth in 28 U.S.C. § 1446(b).

### Service Upon CT Corporation

Service upon a defendant's designated agent, such as CT Corporation System, constitutes receipt by the defendant for purposes of triggering the thirty-day removal period.  *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.*, 1997 WL 615014 (S.D.N.Y. Oct. 3, 1997).  Although CT Corporation System informed defendant that it received the complaint by "certified mail on 11/22/2004," the return receipt indicates delivery on November 19, 2004.  Dkt. #10, Exh. A; Dkt. #12, Exh. E.  Notwithstanding CT Corporation System's error in its transmittal form to defendant, the thirty-day removal period commenced on November 19, 2004.  Accordingly, defendant's opportunity to remove the action to federal court expired on December 20, 2004.  Removal on December 21, 2004 was, therefore, untimely.

---

[3] 28 U.S.C. § 1446(b) provides that
> A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this Title more than 1 year after commencement of the action.

**Subject Matter Jurisdiction**

                     Initially, the Court notes that the case cited by defendant for the proposition that remand should be without prejudice did not involve the procedural question of timeliness of a notice of removal, but presented the issue of subject matter jurisdiction as the initial question before the Court. *See Setlock v. Renwick,* 2004 WL 1574663, at *1 (W.D.N.Y. May 21, 2004). Moreover, it was the plaintiff who moved to remand the case by challenging defendant's ability to demonstrate "by a preponderance of the evidence that there is a reasonable probability that the amount in controversy exceeds the jurisdictional amount." *Id.* Noting the dilemma posed by a complaint which does not contain sufficient information to enable a defendant to "intelligently ascertain removability," Judge Elfvin remanded *Setlock* to state court without prejudice to remove the action to federal court within thirty days of receipt from plaintiff of a response to defendant's supplemental demand which demonstrated an amount in controversy satisfying the jurisdictional requirement. *Id.* Absent an opportunity to return to federal court upon receipt of the plaintiff's response to the supplemental demand, plaintiff could defeat diversity jurisdiction by withholding from defendant information regarding the value of his or her claim until the matter had been remanded. In the instant case, in contrast, plaintiff does not challenge defendant's assessment of the amount in controversy as exceeding the statutory jurisdictional amount. Instead, it is the defendant who is challenging its own assessment of the amount in controversy, without any reason proffered to doubt that assessment.

                     If defendant was unable to determine the amount in controversy upon receipt of the complaint, it could have utilized the supplemental demand provision

contained in the amendments to CPLR 3017(c).[4]  Assuming that receipt of plaintiff's response to the supplemental demand would have provided defendant with the first paper from which it could be ascertained that the jurisdictional amount had been satisfied, removal within thirty-days of the receipt of plaintiff's response would have satisfied 28 U.S.C. § 1446(b).  *See Setlock*, 2004 WL 1574663, at *2; *see also Vasquez v. J.M. Products*, 2004 WL 1124646 (S.D.N.Y. May 20, 2004) (notice of removal filed within thirty days of obtaining information from plaintiff from which it could ascertain that the amount in controversy exceeded $75,000 was timely).  Instead, defendant filed a notice of removal following receipt of the complaint, stating that it "reasonably believe[d] that the amount in controversy exceed[ed] the sum of $75,000, exclusive of interest and costs."  Dkt. #1, ¶ 1.  Having satisfied itself that the matter was removable in the first instance, defendant should not be permitted to avoid the consequences of an untimely filing of the notice of removal by challenging its own assessment of the amount in controversy.

---

[4] Section 3017(c) of the CPLR was amended effective November 27, 2003 to provide as follows:

> In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.  If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction. Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.  In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served.  A supplemental demand served pursuant to this subdivision shall be treated in all respects as a demand made pursuant to subdivision (a) of this section.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the motion to remand this action to the New York State Supreme Court, Niagara County be granted on the ground that the notice of removal was untimely.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:     Buffalo, New York
             May 26, 2005

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**